NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-92

ADOPTION OF NORA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from a decree of the Juvenile Court terminating her parental rights, the mother argues, inter alia, that the decree issued without the expert evidentiary support required by the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901 et seq.

After briefing in this appeal concluded, this court decided Adoption of Leonard, 103 Mass. App. Ct. 419 (2023).  At oral argument, counsel for the mother asserted, and counsel for the Department of Children and Families (DCF) agreed, that the present appeal is controlled by Adoption of Leonard.[1]

---

[1] Counsel for the child did not join DCF in conceding the controlling effect of Adoption of Leonard, contending, inter alia, that evidence at trial presented by sources other than the expert's testimony sufficiently established the elements required by ICWA.  However, as Adoption of Leonard explained, ICWA specifically requires, as a prerequisite to termination of parental rights, that testimony of a qualified expert establish that the continued custody of the child by the parent is likely to result in "serious emotional or physical damage to the child" (quotation and citation omitted).  Adoption of Leonard, 103

We agree that the present case is controlled in material respects by Adoption of Leonard.[2]  Accordingly, "[w]e vacate the decree and remand the matter for further proceedings consistent with this [decision].  On remand the judge may in [their] discretion take additional evidence on the issues of the mother's current unfitness and the best interests of the child." Id. at 429-430.[3]

So ordered.

By the Court (Green, C.J.,
  Milkey & Grant, JJ.[4]),

Joseph F. Stanton

Clerk

Entered: October 11, 2023.

---

Mass. App. Ct. at 426.  The expert in the present case was not qualified to provide such testimony.

[2] We take judicial notice of the fact that the expert witness in Adoption of Leonard was the same person presented by DCF in the present case.

[3] We further note that considerable time elapsed from the initiation of the proceedings in the Juvenile Court and the entry of the decree we vacate by this decision, and that the subject child is now fifteen years old, and placed in a preadoptive family where she is thriving.  We urge the Juvenile Court judge to conduct the necessary proceedings on remand as expeditiously as possible.

[4] The panelists are listed in order of seniority.